# EXHIBIT 1[1]

---

[1] Excerpts from the transcript of the November 19, 2012 hearing on Petitioning Creditors motion for summary judgment before Justice Ramos.  A full copy of the transcript was attached to the November 20, 2012 letter to this Court by counsel for Petitioning Creditors.

SUPREME COURT OF THE STATE OF NEW YORK

COUNTY OF NEW YORK : CIVIL DIV. : PART 53
-------------------------------------------X
BDCM OPPORTUNITY FUND II, LP, BLACK        :
DIAMOND CLO 2005-1 LTD, and SPECTRUM       :
INVESTMENT PARTNERS, L.P.,                 :
                                           :
                         Plaintiffs,       :
                                           :
              - against -                  : Index No.
                                           : 650150/12
YUCAIPA AMERICAN ALLIANCE FUND I, LP,      :
and YUCAIPA AMERICAN ALLIANCE (PARALLEL) :
FUND I, LP,                                :
                                           :
                         Defendants.       :
-------------------------------------------X MOTION

                         60 Centre Street
                         New York, New York
                         November 19, 2012
B E F O R E :
          HON. CHARLES E. RAMOS,
                              Justice

A P P E A R A N C E S :

               SCHULTE ROTH & ZABEL, LLP
               Attorneys for Plaintiffs
                    919 Third Avenue
                    New York, New York 10022
               BY:  ROBERT J. WARD, ESQ.
                    JUSTIN A. MENDELSOHN, ESQ.
                    ADAM C. HARRIS, ESQ.


               KASOWITZ, BENSON,
                    TORRES & FRIEDMAN, LLP
               Attorneys for Defendants
                    1633 Broadway
                    New York, N.Y.  10019-6799
               BY:  MARC E. KASOWITZ, ESQ.
                    DAVID E. SPALTEN, ESQ.
                    DAVID E. ROSS, ESQ.
                    ADAM K. GRANT, ESQ.

               _____
                    ROBERT PORTAS, R.P.R., C.R.R.
                    SENIOR COURT REPORTER

PROCEEDINGS                2

1    THE COURT:  Good morning.

2    MR. WARD:  Good morning, Your Honor.

3    THE COURT:  If necessary you'll use the lecturn.

4    It's up to the court reporter.  It's easier for him to

5    hear.

6    MR. WARD:  All right, Your Honor, I'll move to the

7    lecturn.

8    THE COURT:  Okay.  You may now commence to confuse

9    me.

10    MR. WARD:  Thank you, Your Honor.  I hope to

11    unconfuse you as we go through the argument.

12    Your Honor, I'm Robert Ward for Schulte, Roth &

13    Zabel, on behalf plaintiffs.  We're the movant on this

14    motion for summary judgment, Your Honor.  This is a

15    straight forward action asserting one cause of action

16    that only seeks one remedy, a declaration as to the

17    meaning of certain contract language.

18    The relief sought in this summary judgment

19    motion is that the purported fourth amendment was not and

20    never was effective and that the defendants in this case

21    are not and may not act as the requisite lenders in

22    connection with the debt of a company called Allied.

23    We were before Your Honor on a prior motion to

24    dismiss, you may remember.

25    As a result, Your Honor, this case presents a
                    Robert Portas, RPR, CRR

PROCEEDINGS                          3

1    pure question of contract construction relating to the

2    effectiveness of the amendment -- fourth amendment to the

3    credit agreement.  The question can be answered upon the

4    unambiguous terms of the agreements, and no discovery of

5    the extrinsic evidence is necessary.  The case law is not

6    in dispute.  This is a straight, simple, teed-up contract

7    construction case declaratory judgment action, Your

8    Honor.

9          The issue before this Court, Your Honor, is

10   whether under the plain terms of the credit agreement

11   whether the purported fourth amendment had, quote, the

12   effect of, unquote, amending the definition of "Requisite

13   lender" within the meaning of Section 10.5B of the credit

14   agreement, thereby requiring the consent of all affected

15   lenders.

16         Your Honor, my clients are among those affected

17   lenders, and their consent was never obtained.

18         As Your Honor is aware, where the intention of

19   the parties may be gathered from the four corners of an

20   instrument, the interpretation of the contract is a

21   question of law, no trial is necessary, summary judgment

22   is appropriate.  On the application -- on an application

23   to construe language in a contract such as this, Your

24   Honor, the Court is not to look to extrinsic evidence to

25   create an ambiguity, rather the Court is to look to the

PROCEEDINGS                        23

1   functions contemplated by the credit agreement.

2          "Defendant's argument that they could be

3   requisite lenders but not vote is thus disingenuous and

4   overly technical.  The entire purpose of being requisite

5   lenders is so you can exercise voting rights associated

6   with more than 50 percent of the debt in respect of

7   waivers, consent rights and the like to be requisite

8   lenders in name only, with no ability to act improperly,

9   elevates form over substance."

10         Your Honor, that is just flat wrong under this

11  credit agreement.  If you look back to -- if you look

12  book to 10B --

13         THE COURT:  Yes.

14         MR. KASOWITZ:  -- back on 10B, when you look at

15  10B you'll see that in 10A there are a whole number of acts

16  that the requisite lenders may take without -- without

17  consulting anyone else.  They make those decisions

18  themselves.

19         With respect to 10B, that's a requirement that

20  others vote but not that the requisite lenders vote.

21  So -- so it's absolutely -- it's very, very clear from --

22         THE COURT:  I'm not following you.  And I think

23  I'm not following you because what you're saying is not

24  logical.

25         MR. KASOWITZ:  It's true, Your Honor.  But it's
                       Robert Portas, RPR, CRR

PROCEEDINGS                                24

1   true.  The definition of "Voting" has nothing to do with a

2   requisite lender.  We have -- if you look at the powers

3   that --

4           THE COURT:  You've got to be kidding.

5           MR. KASOWITZ:  It has nothing to do with it, Your

6   Honor.  If you look at the powers that the requisite lender

7   has, "The requisite lender instructs the agents to act or

8   refrain from acting."  That's Section 9.3B, Page 152 of the

9   credit agreement.  It has nothing -- it doesn't speak to

10  voting rights at all.  "The requisite lender may control

11  the exercise of remedies during a non-bankruptcy event of

12  default."  That's section 8.1.

13          THE COURT:  Are you saying that they don't have

14  the power to make the amendments, modifications or waivers

15  that the plaintiff's complaining about?  Of course they do.

16          MR. KASOWITZ:  They do have the power to do these

17  things, but it doesn't --

18          THE COURT:  They do that by voting.

19          MR. KASOWITZ:  No, no, this does not involve

20  voting, Your Honor.  I'm going through all of the powers

21  that they have.  The most important power is to instruct

22  the agents to act or refrain from acting.  That has nothing

23  to do with voting, Your Honor.  That's Section 9.3B.  They

24  control the exercise of remedies during a non-bankruptcy

25  event of default.  That's Section --

                Robert Portas, RPR, CRR

PROCEEDINGS                     26

1   THE COURT:  Then what is 10.5A speaking of?

2   MR. KASOWITZ:  10.5 speaks to the circumstances in

3   which -- 10.5A speaks to the circumstances in which the

4   requisite lender may make certain determinations, like

5   amendments, like amending the term, "Term Loan Exposure,"

6   by itself, or amending other terms by itself, not

7   seeking -- not needing to seek the consent of other

8   parties.  It's very specific as to --

9   THE COURT:  Is there any limitation in the power

10  of the requisite lender after you get through with

11  Paragraph 10A?

12  MR. KASOWITZ:  Sure.  If you have -- if you

13  have -- if you have one of the situations that's listed

14  under 10B.

15  THE COURT:  "Amend, modify, terminate or waive any

16  of the provisions of the credit documents."

17  MR. KASOWITZ:  Unless --

18  THE COURT:  You've got a free hand.

19  MR. KASOWITZ:  No, Your Honor.  Not if one of the

20  situations, one of the eleven situations in 10B is invoked,

21  that's --

22  THE COURT:  That's what the plaintiff's trying to

23  invoke.  They're saying, "My God, what you've done is

24  you've given yourself dictatorial powers with regard to

25  this loan."

Robert Portas, RPR, CRR

PROCEEDINGS                    36

1    covers this claim.

2             THE COURT:  No, but it says it doesn't.  It says,

3    "This limited release is made solely by CIT and on its own

4    behalf, not in a representative capacity."  Your whole

5    argument was that you were suing CIT in a representative

6    capacity.

7             MR. KASOWITZ:  We were, Your Honor.  And just

8    because the release was not --

9             THE COURT:  Plaintiff, plaintiff, plaintiff...?

10            MR. WARD:  Yes, Your Honor?

11            THE COURT:  Congratulations.

12            MR. WARD:  Thank you.

13            THE COURT:  You won.

14            MR. WARD:  Thank you.

15            MR. HARRIS:  Thank you, Your Honor.

16            THE COURT:  You'll get a written decision out of

17   this one.

18            MR. WARD:  Thank you, Your Honor.

19            THE COURT:  Thank you.

20            (Whereupon, the above-captioned proceedings

21        were concluded.)

22                            oOo
                        (It is hereby certified that the
23                      (foregoing is a true and accurate
                        (transcript of the proceedings.
24                      (
                        (
25                      (    ROBERT PORTAS, RPR, CRR
              Robert Portas, Senior Court Reporter
                              RPR, CRR