# **EXHIBIT A**

SUPREME COURT OF THE STATE OF NEW YORK

COUNTY OF NEW YORK : CIVIL DIV. : PART 53

---------------------------------------X

BDCM OPPORTUNITY FUND II, LP, BLACK DIAMOND CLO 2005-1 LTD, and SPECTRUM INVESTMENT PARTNERS, L.P.,

Plaintiffs,

- against -

Index No. 650150/12

YUCAIPA AMERICAN ALLIANCE FUND I, LP, and YUCAIPA AMERICAN ALLIANCE (PARALLEL) FUND I, LP,

Defendants.

---------------------------------------X MOTION

60 Centre Street
New York, New York
November 19, 2012

B E F O R E :

HON. CHARLES E. RAMOS,
Justice

A P P E A R A N C E S :

SCHULTE ROTH & ZABEL, LLP
Attorneys for Plaintiffs
919 Third Avenue
New York, New York 10022
BY: ROBERT J. WARD, ESQ.
JUSTIN A. MENDELSOHN, ESQ.
ADAM C. HARRIS, ESQ.

KASOWITZ, BENSON, TORRES & FRIEDMAN, LLP
Attorneys for Defendants
1633 Broadway
New York, N.Y. 10019-6799
BY: MARC E. KASOWITZ, ESQ.
DAVID E. SPALTEN, ESQ.
DAVID E. ROSS, ESQ.
ADAM K. GRANT, ESQ.

THE COURT: Then what is 10.5A speaking of?

MR. KASOWITZ: 10.5 speaks to the circumstances in which -- 10.5A speaks to the circumstances in which the requisite lender may make certain determinations, like amendments, like amending the term, "Term Loan Exposure," by itself, or amending other terms by itself, not seeking -- not needing to seek the consent of other parties. It's very specific as to --

THE COURT: Is there any limitation in the power of the requisite lender after you get through with Paragraph 10A?

MR. KASOWITZ: Sure. If you have -- if you have -- if you have one of the situations that's listed under 10B.

THE COURT: "Amend, modify, terminate or waive any of the provisions of the credit documents."

MR. KASOWITZ: Unless --

THE COURT: You've got a free hand.

MR. KASOWITZ: No, Your Honor. Not if one of the situations, one of the eleven situations in 10B is invoked, that's --

THE COURT: That's what the plaintiff's trying to invoke. They're saying, "My God, what you've done is you've given yourself dictatorial powers with regard to this loan."

they settled on their own behalf.

MR. KASOWITZ: Your Honor, there was -- there was -- merely because releases were not obtained does not resolve that issue. The settlement was -- the settlement was for the purpose of resolving the case in both the individual capacity --

THE COURT: Wasn't the settlement papered up?

MR. KASOWITZ: The settlement --

MR. WARD: That's it.

MR. KASOWITZ: The settlement was papered up. Releases were given, but there were other claims, potentially, that may have existed between Yucaipa and between these plaintiffs.

THE COURT: And apparently they weren't resolved.

MR. KASOWITZ: Pardon me?

THE COURT: Apparently they weren't resolved.

MR. KASOWITZ: There are other claims that weren't resolved, which is part of the reason --

THE COURT: Look, res judicata or collateral estoppel requires either a judgment or a settlement that covers the claim. Do you have a judgment? No. Do you have a settlement?

MR. KASOWITZ: Yes.

THE COURT: Apparently not.

MR. KASOWITZ: We do have a consent judgment that

covers this claim.

THE COURT: No, but it says it doesn't. It says, "This limited release is made solely by CIT and on its own behalf, not in a representative capacity." Your whole argument was that you were suing CIT in a representative capacity.

MR. KASOWITZ: We were, Your Honor. And just because the release was not --

THE COURT: Plaintiff, plaintiff, plaintiff...?

MR. WARD: Yes, Your Honor?

THE COURT: Congratulations.

MR. WARD: Thank you.

THE COURT: You won.

MR. WARD: Thank you.

MR. HARRIS: Thank you, Your Honor.

THE COURT: You'll get a written decision out of this one.

MR. WARD: Thank you, Your Honor.

THE COURT: Thank you.

(Whereupon, the above-captioned proceedings were concluded.)

oOo

(It is hereby certified that the
(foregoing is a true and accurate
(transcript of the proceedings.
(
(
( ROBERT PORTAS, RPR, CRR
( Senior Court Reporter