**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | Chapter 11 |
| ASHINC Corporation, *et al.*, | Case No. 12-11564 (CSS) |
| Debtors. | (Jointly Administered) |
| YUCAIPA AMERICAN ALLIANCE FUND II L.P., *et al.*, | |
| Appellants, | Civil Action No. 18-1467-CFC |
| v. | |
| ASHINC CORPORATION, | Adv. Proc. No. 12-50947 |
| Appellee. | BAP No. 18-47 |

**APPELLANTS' DESIGNATION OF ITEMS TO BE INCLUDED IN THE
RECORD ON APPEAL AND STATEMENT OF ISSUES ON APPEAL**

Appellants Yucaipa American Alliance Fund I, L.P. and Yucaipa American Alliance (Parallel) Fund I, L.P. (together, "Yucaipa Fund I"), along with Yucaipa American Alliance Fund II, L.P. and Yucaipa American Alliance (Parallel) Fund II, L.P. (together, "Yucaipa Fund II" and, collectively with Yucaipa Fund I, "Yucaipa"),[1] hereby submit pursuant to 28 U.S.C. § 158(a) and Rule 8001(a) of the Federal Rules of Bankruptcy Procedure, this statement of issues and designation of items to be included in the record on appeal regarding the Notice of Appeal [Docket No. 320] from the Order granting the motion of BDCM Opportunity Fund II, LP, Black Diamond CLO 2005-1 LTD, and Spectrum Investment Partners LP (collectively, the "Petitioning Creditors") to dismiss [Docket No. 73] (the "Motion to Dismiss") Yucaipa's

---

[1] Yucaipa Fund II was improperly named as a defendant in the bankruptcy court proceedings, and the counterclaim asserts claims on behalf of all defendants. However, as has been made clear in the underlying litigation, Yucaipa Fund II has no investment in the Debtors.

01:23708172.1

1

Amended Counterclaim and Cross-Claim For Declaratory Judgment and Injunctive and Other Relief And Amended Answer to Debtors' Verified Complaint [Docket No. 65] (the "Counterclaim and Cross-Claim") in its entirety, with prejudice, entered by the United States Bankruptcy Court for the District of Delaware in the above-captioned adversary proceeding on February 27, 2013 [Docket No. 139] (the "Order").

On September 7, 2018, the Bankruptcy Court entered final judgment in this matter [Docket No. 317]. Yucaipa timely noticed this appeal on September 21, 2018 [Docket No. 320].

## I. DESIGNATION OF ITEMS FOR RECORD ON APPEAL

| Adv. 12-50947 Docket No. | Description |
|---|---|
| 1. | Complaint (Verified) for Declaratory Judgment and Injunctive Relief filed by Allied Systems Holdings, Inc. (redacted) [10/18/2012] |
| 45. | (FILED UNDER SEAL) Verified Complaint for Declaratory Judgment and Injunctive Relief filed by Allied Systems Holdings, Inc. (unredacted) [11/15/2012] |
| 55. | Answer to Complaint and Counterclaim and Cross-Claim filed by Yucaipa [12/5/2012] |
| 65. | Amended Counterclaim and Cross-Claim for Declaratory Judgment and Injunctive and Other Relief filed by Yucaipa [1/5/2013] |
| 71. | Answer to Complaint with Crossclaim filed by The CIT Group/Business Credit, Inc. [1/25/2013] |
| 72. | Reply of Debtor Allied Systems Holdings, Inc. to Yucaipa's Amended Counterclaim for Declaratory Judgment and Injunctive and Other Relief [1/25/2013] |
| 73. | Motion to Dismiss the Amended Cross-Claim in Its Entirety filed by the Petitioning Creditors [1/25/2013] |
| 74. | Memorandum of Law in Support of Cross-Claim Defendants Motion to Dismiss the Amended Cross-Claim in Its Entirety filed by the Petitioning Creditors [1/25/2013] |

| | |
|---|---|
| 75. | Joinder in Petitioning Creditors' Motion to Dismiss filed by Del Mar Distressed Opportunities Master Fund [1/25/2013] |
| 76. | Joinder in Petitioning Creditors' Motion to Dismiss filed by MJX Asset Management, LLC [1/25/2013] |
| 77. | Statement in Support of Petitioning Creditors' Motion to Dismiss filed by Par-Four Investment Management [1/25/2013] |
| 78. | Joinder in Petitioning Creditors' Motion to Dismiss filed by Teak Hill Master Fund L.P. [1/25/2013] |
| 84. | Answer to Complaint with Crossclaim filed by Petitioning Creditors [1/25/2013] |
| 85. | Answer to Complaint with Crossclaim filed by Del Mar Distressed Opportunities Master Fund [1/25/2013] |
| 86. | Answer to Complaint with Crossclaim filed by MJX Asset Management, LLC [1/25/2013] |
| 87. | Answer to Complaint with Crossclaim filed by Par-Four Investment Management [1/25/2013] |
| 88. | Answer to Complaint with Crossclaim filed by Spectrum Investment Partners LP [1/25/2013] |
| 89. | Answer to Complaint with Crossclaim filed by Teak Hill Master Fund L.P. [1/25/2013] |
| 90. | Answer to Complaint with Crossclaim filed by The Official Committee of Unsecured Creditors [1/25/2013] |
| 92. | Stipulation of Dismissal filed by Bennett Management [1/28/2013] |
| 101. | Objection by Yucaipa American Alliance Fund I, LP, Yucaipa American Alliance (Parallel) Fund I, LP, Yucaipa American Alliance Fund II, LP, Yucaipa American Alliance (Parallel) II Fund, LP to Defendants BDCM Opportunity Fund II LP's, Black Diamond CLO 2005-LTD's and Spectrum Investment Partners LP's Motion to Dismiss the Amended Cross-Claim in Its Entirety [2/13/2013] |
| 117. | Memorandum of Law in Further Support of Cross-Claim Defendants BDCM Opportunity Fund, II, LP's, Black Diamond CLO 2005-1 Ltd.'s and Spectrum Investment Partners LP's Motion to Dismiss the Amended Cross-Claim in Its Entirety [2/21/13] |

01:23708172.1

3

| 120. | Response to the Objection by Yucaipa American Alliance Fund I, LP, Yucaipa American Alliance (Parallel) Fund I, LP, Yucaipa American Alliance Fund II, LP, Yucaipa American Alliance (Parallel) II Fund, LP to Defendants BDCM Opportunity Fund II LP's, Black Diamond CLO 2005-1 LTD's and Spectrum Investment Partners LP's Motion to Dismiss the Amended Cross-Claim in Its Entirety filed by the Official Committee of Creditors [2/22/2013] |
|---|---|
| 139. | Order Granting Motion to Dismiss Party [2/27/2013] |
| 162. | Transcript of February 27, 2013 Hearing [3/15/2013] |
| 271. | Transcript regarding Hearing Held 7/30/13 [8/1/2013] |
| 275. | Order Granting Motion for Summary Judgment Regarding The Determination of Requisite Lenders Under the First Lien Credit Agreement [8/8/2013] |
| 310. | Order (COPY FROM DISTRICT COURT) Denying the Appeal of Order Granting Motion for Summary Judgment (Civil Action No. 13-1583) [4/1/2016] |
| 315. | Status Report Filed by Catherin E. Youngman [8/6/2018] |
| 316. | Certification of Counsel Regarding Proposed Order and Final Judgment [9/6/2018] |
| 317. | Order and Final Judgment [9/7/2018] |
| 320. | Notice of Appeal [9/21/2018] |
| 326. | Affidavit/Declaration of Service — Notice of Appeal [9/27/2018] |

## II.    STATEMENT OF ISSUES ON APPEAL

Before this Court is Yucaipa's appeal from the Bankruptcy Court's February 27, 2013 Order granting the Petitioning Creditors' Motion to Dismiss the cross-claims asserted against them in Yucaipa's Counterclaim and Cross-Claim (the "Cross-Claims").

Count I of the Cross-Claims asserted a claim for declaratory judgment against each of (1) the Official Committee of Unsecured Creditors appointed in the above-captioned Chapter 11 cases (the "Committee"); (2) the Administrative Agent and certain lenders (the "Lenders"), as parties to the Amended and Restated First Lien Secured Super-Priority Debtor In Possession and Exit Credit and Guaranty Agreement (the "Credit Agreement") dated May 15, 2007, by and

01:23708172.1

4

among Allied Holdings, Inc. ("Holdings"), Allied Systems, Ltd., certain subsidiaries of Holdings, the lenders party thereto (the "Lenders"), Goldman Sachs Credit Partners L.P. and The CIT Group/Business Credit, Inc.; (3) the Petitioning Creditors (collectively with the Committee, the Administrative Agent, and the Lenders, the "Cross-Claim Defendants"); and (4) Debtor Allied Systems Holdings, Inc. ("Allied" and, together with the Cross-Claim Defendants, the "Counterclaim and Cross-Claim Defendants").  Among other things, Count I sought a judicial declaration that (a) certain provisions of that certain Amendment No. 3 to Credit Agreement and Consent, dated as of April 17, 2008 (the "Third Amendment") were invalid and should be severed from the Third Amendment because they violate the terms of the Credit Agreement, and (b) a declaration that Yucaipa (i) validly holds the term loans and letters of credit it acquired from ComVest Investment Partners III, L.P. ("ComVest") (consisting of $145,112,547.06 of the $265,000,000 maximum first lien loans authorized by the Credit Agreement), (ii) does not have any obligation to contribute any portion of those loans as equity or otherwise, and (iii) has all voting and other rights associated with those loans under the Credit Agreement.

Count II asserted a claim for unjust enrichment against each of the Counterclaim and Cross-Claim Defendants on the ground that compelling Yucaipa to comply with certain provisions of the Third Amendment, many of which were revised or replaced in that certain Amendment No. 4 to Credit Agreement, dated August 21, 2009 (the "Fourth Amendment"), would result in unjust and inequitable enrichment of Allied and the Lenders at Yucaipa's expense because Yucaipa would not have agreed to purchase first lien loans from ComVest in the absence of the amendments made in the Fourth Amendment and but for certain explicit and implicit representations by Allied and its counsel, and the Petitioning Creditors.

Count III asserted a claim for estoppel against each of the Counterclaim and Cross-Claim Defendants on the ground that their actions, including their failure to object to the Fourth Amendment, bar them from arguing that the provisions of the Third Amendment are controlling as to Yucaipa.

Finally, Count IV asserted a claim for injunctive relief against each of the Counterclaim and Cross-Claim Defendants, to enjoin the Petitioning Creditors and Defendant American Money Management Corporation from acting as "Requisite Lenders" and "Agents" under the Credit Agreement and from taking actions based on that claimed status.

The issues on appeal are as follows:

1. Whether the Bankruptcy Court erred in granting the Motion to Dismiss the Cross-Claims based on its conclusion that the covenant not to sue contained in Section 2.7(e) of the Third Amendment, which added new Section 10.6(j) to the Credit Agreement, bars Yucaipa's claims against the Petitioning Creditors.

2. Whether the Bankruptcy Court erred in granting the Motion to Dismiss the Cross-Claims on the ground that they are barred by Delaware's three-year statute of limitations.

3. Whether the Bankruptcy Court erred in granting the Motion to Dismiss based on its conclusion that Section 10.6(b) of the Credit Agreement, which provides that the consent of any registered lender is "conclusive and binding on any subsequent holder, assignee or transferee of the corresponding Commitments, LC Deposits or Loans" of such lender, bars Yucaipa's Cross-Claims.

4. Whether the Bankruptcy Court erred in granting the Motion to Dismiss based on its conclusion that Section 10.9 of the Credit Agreement, which provides that no failure or delay on the part of any lender in the exercise of "any power, right or privilege" under the Credit Agreement shall be construed as a waiver of any default or acquiescence therein, bars Yucaipa's Cross-Claims.

5. Whether the Bankruptcy Court erred in granting the Motion to Dismiss *with prejudice* and thereby denying Yucaipa the opportunity to amend its claims.

Yucaipa reserves any and all rights to amend this Designation of Items for Record on Appeal and Statement of Issues on Appeal, each as set forth herein, including, without limitation, to identify and to include additional issues and items for inclusion in the record on appeal.

Dated:  October 5, 2018

YOUNG CONAWAY STARGATT & TAYLOR, LLP

*/s/ Michael S. Neiburg*
Michael R. Nestor (No. 3526)
Michael S. Neiburg (No. 5275)
1000 North King Street
Wilmington, Delaware 19801
Telephone: (302) 571-6600
Facsimile: (302) 571-1253
Email: mnestor@ycst.com
       mneiburg@ycst.com

-and-

01:23708172.1

GIBSON, DUNN & CRUTCHER LLP
Robert A. Klyman
Maurice M. Suh
Kahn Scolnick
333 South Grand Avenue
Los Angeles, CA 90071
Telephone: (213) 229-7000
rklyman@gibsondunn.com
msuh@gibsondunn.com

*Attorneys for Yucaipa American Alliance Fund II, L.P.,Yucaipa American Alliance (Parallel) Fund II, L.P.,Yucaipa American Alliance Fund I, L.P. and Yucaipa American Alliance (Parallel) Fund I, L.P.*

01:23708172.1